

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Howard v. Fanelle

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Howard v. Fanelle" (2005). *2005 Decisions.* Paper 1351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 04-2357


TESSA HOWARD; SABIA HOWARD, a minor,
by her parent and natural guardian
TESSA HOWARD; ISRAEL WILLIAMS;
JAMES WILLIAMS,

Appellants

v.


WINSLOW TOWNSHIP; D. FANELLE, PATROLMAN;
KEVIN BRUNDAGE, PATROLMAN;
PATROLMAN CUNNINGHAM; PATROLMAN ROMEO;
FIRST UNION BANK; AUDREY NEVITT;
JOHN DOES 1-20


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 00-02441)
Honorable Joseph H. Rodriguez, District Judge

———————


Submitted under Third Circuit LAR 34.1(a)
April 8, 2005

BEFORE: BARRY, AMBRO, and GREENBERG, Circuit Judges

———————

(Filed: April 15, 2005)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on the appeal of plaintiff-appellants Tessa Howard, Sabia Howard, a minor by her parent and natural guardian Tessa Howard, Israel Williams, and James Williams from two orders entered on April 22, 2004, denying their motions for a directed verdict, effectively a judgment as a matter of law, or a new trial, following the return of a jury verdict in favor of defendant-appellees Township of Winslow and certain of its police officers in this civil rights action. The action arose out of the circumstance that Winslow Township's police officers briefly detained appellants at a bank in the township when the officers incorrectly believed that appellants might be involved in a robbery at the bank. The district court had jurisdiction under 28 U.S.C. § 1331(a) and 1367 and we have jurisdiction under 28 U.S.C. § 1291.

Appellants have a heavy burden on this appeal as they lost this case at a jury trial. Though it is true that we exercise plenary review of an order denying a motion for a judgment as a matter of law, such a motion when made by a plaintiff "should be granted only if, viewing the evidence in the light most favorable to the nonmovant [the Township and its officers] and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could [not] find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). Moreover, our review of an order denying a motion for a new trial ordinarily is not plenary, and thus we can reverse the denial of the motion only if the district court abused its discretion in

2

denying it.  Id. at 1167.

The appellants state their contentions as follows:

I.  The district court for the District of New Jersey erred in failing to grant appellants' motion for directed verdict and/or new trial pursuant to Federal rules of Civil Procedure 50(b) and 59(a), because the jury's verdict is against the clear weight of the evidence; it was inconsistent with the facts and the law; there is no evidentiary basis for a reasonable jury to find that (A) appellees did not search and seize appellants, (B) that appellees had a reasonable suspicion to stop appellants, (C) appellees did not use excessive force, and (D) defense counsel's statements during closing arguments were blatantly prejudicial.

> A.  Motion for directed verdict pursuant to Federal Rule of Civil Procedure 50(b) is distinct from a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a).

> B.  A motion for directed verdict should be granted if there can be only one reasonable conclusion as to the verdict whereas whether a new trial is granted is left to the sound discretion of the trial court.

> C.  The jury's verdict is against the clear weight of the evidence; inconsistent with the facts and the law; there is no evidentiary basis for a reasonable jury to find that (A) appellees did not search and seize appellants, (B) that appellees had a reasonable suspicion to stop appellants, (C) appellees did not use excessive force, and (D) defense counsel's statements during closing arguments were blatantly prejudicial.

>> 1.  There is no evidentiary basis for a reasonable jury to find that appellees did not search and [seize] appellants, and that [appellees] had reasonable suspicion to stop appellants.

>> 2.  There is no evidentiary basis for a reasonable jury to find that the appellees did not use excessive force against appellants.

3

       3.  Appellees lacked adequate training and supervision.

       4.  The statements of defense counsel during closing arguments were blatantly prejudicial.

    II.  The district court for the District of New Jersey erred in failing to grant appellants' motion for directed verdict and/or sanctions against appellees pursuant to Federal Rules of Civil Procedure 26(e) and 37(c)(1) when appellees and defense counsel withheld discoverable information.

Appellants br. at iii-iv.

We have reviewed this matter extensively and find no possible basis to disturb the verdict or the district court's subsequent disposition of the post-trial motions. Overall this case raised classic jury questions and thus the district court was correct to submit the matter to the jury. The jury found in favor of the appellees and the appellants are bound by the result. Finally, we see no basis to upset the district court's denial of relief to appellants predicated on appellees' alleged discovery and trial abuses.

The orders of April 22, 2004, will be affirmed.